**Douglas W. DUCKETT, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3241.

United States Court of Appeals, Federal Circuit.

DECIDED: March 4, 2004.

Douglas W. Duckett, of Counsel, Arden, NC, for Petitioner.

Thomas D. Dinackus, Principal Attorney, Bryant G. Snee, David M. Cohen, Christopher J. Burton, of Counsel, Washington, DC, for Respondent.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Douglas W. Duckett appeals the decision of the Merit Systems Protection Board dismissing his disability retirement appeal for lack of jurisdiction. *Duckett v. United States Postal Serv.*, No. DC–0752–03–0276–I–1 (MSPB Mar. 31, 2003). Because the Board correctly determined that Mr. Duckett did not present a nonfrivolous allegation that his retirement was involuntary, this court *affirms*.

## I.

Mr. Duckett was employed by the United States Postal Service as a Manager, EAS–18, in Asheville, North Carolina, until suffering an on-the-job injury, namely an acute situational adjustment reaction with depressed mood. He filed a claim for benefits with the Department of Labor's Office of Workers' Compensation Programs (OWCP), which initially approved the claim. As a result, the Postal Service offered him a position as Manager, EAS–18, in Charlotte, North Carolina. Acting through his physician, Mr. Duckett nevertheless declined. His physician explained: "To the degree that Mr. Duckett receives prejudice from the Charlotte division[,] he would be entering a 'hostile work environment' prolonging his situational adjustment disorder."

OWCP later terminated Mr. Duckett's benefits due to the failure to accept the position in Charlotte. Shortly thereafter, Mr. Duckett attempted to accept the position in Charlotte. The Postal Service, however, informed Mr. Duckett that the assignment in Charlotte, which had been twice refused, was no longer available. Even so, the Postal Service notified Mr. Duckett that he could request a noncompetitive reassignment at the same or lower level. Although Mr. Duckett did inform the Postal Service of his willingness to work, the Postal Service replied that Mr. Duckett was no longer entitled to a job offer because he had declined suitable work.

Mr. Duckett then applied for disability retirement with the Office of Personnel Management (OPM), and the Postal Service certified that no positions were available to Mr. Duckett. OPM approved the disability retirement. OWCP, however, determined that Mr. Duckett was not entitled to benefits, because he had refused or neglected to accept a suitable employment offer.

Mr. Duckett filed an appeal with the Merit Systems Protection Board, alleging that his retirement had been involuntary and constituted an effective discharge. The Board's initial decision concluded that Mr. Duckett did not make a nonfrivolous

allegation that his retirement was involuntary. This initial decision became final because Mr. Duckett did not seek review by the full Board.

## II.

This court affirms a decision of the Board unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over Mr. Duckett's appeal is a matter of law, which is reviewed without deference. *King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996); *Marano v. Dep't of Justice,* 2 F.3d 1137, 1141 (Fed.Cir.1993).

Under 5 C.F.R. § 752.401(b)(9), Mr. Duckett's retirement cannot be considered an adverse personnel action if it was voluntary. Furthermore, Mr. Duckett's decision to retire is presumed voluntary, and the employee bears the burden to proffer evidence showing that the retirement was not voluntary "and thus tantamount to forced removal." *Staats v. United States Postal Serv.,* 99 F.3d 1120, 1124 (Fed.Cir. 1996). While the Board was incorrect in stating that Mr. Duckett needed to prove the involuntariness of his retirement by preponderant evidence, *see, e.g., Dick v. Department of Veterans Affairs,* 290 F.3d 1356, 1360–63 (Fed.Cir.2002), that error is harmless because Mr. Duckett did not present evidence sufficient to meet the lower jurisdictional threshold. *See Spencer v. Dep't of Navy,* 327 F.3d 1354, 1356–57 (Fed.Cir.2003).

Once the Board determined that it may lack jurisdiction, it instructed Mr. Duckett of his responsibility to proffer evidence that the there was an accommodation available on the date of his separation and that the Postal Service did not provide him that accommodation. *Benavidez v. Dep't of Navy,* 241 F.3d 1370, 1375 (Fed.Cir. 2001). In particular, Mr. Duckett did not provide any evidence that the Postal Service had an accommodation available on the date of his separation that would have allowed him to continue his employment. While it is true that the Postal Service offered a comparable position in Charlotte, Mr. Duckett twice refused that offer. After his refusals, the position was no longer available despite Mr. Duckett's eleventh-hour attempts to accept it. Accordingly, this court finds no legal error in the Board's decision.

Moreover, Mr. Duckett does not appear to challenge the legal aspects of the Board's decision in his appeal to this court. Instead, Mr. Duckett seems to argue that the Equal Opportunity Employment Commission (EEOC) erred in ruling that he presented a mixed case. This court, however, cannot decide that issue as it is outside the scope of the review of the Board's decision. Mr. Duckett also seems to argue that his case should be remanded to the EEOC (or some other agency) to be examined anew. But this court lacks the power to grant the relief requested, because this court may only review the correctness of the decision appealed from the Board.

This court has considered Mr. Duckett's remaining arguments but finds none persuasive.