**Ronald L. SPENCER, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

**No. 02–3344.**

United States Court of Appeals, Federal Circuit.

May 6, 2003.

Robert A. McSorley, Law Office of Robert A. McSorley, of Ventura, CA, argued for petitioner.

Kathleen A. Kohl, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Jeanne E. Davidson, Deputy Director.

Before LINN, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PLAGER, Senior Circuit Judge.

In this appeal Petitioner Ronald L. Spencer seeks review of the dismissal of his individual right of action (IRA) appeal by the Merit Systems Protection Board (Board). He complains that he was denied a fair hearing before the Board. According to Mr. Spencer, at the hearing, the Administrative Judge (AJ) confused the issue of the Board's jurisdiction over his individual right of action appeal with the merits of his case. As a consequence, the petitioner alleges that he was denied a full and fair opportunity to present his case on the merits. The full Board chose not to address Mr. Spencer's concerns, and the decision of the AJ became the decision of the Board.

The issue Mr. Spencer raises is a disturbing issue, since this court has repeatedly, and again recently, cautioned about this problem. The confusion is not simply the Board's responsibility, but lies at the feet of counsel for the agency, and, we particularly note, the Department of Justice on appeal in these cases.

Once again, hopefully for the last time, we will explain what is expected of the agency, the Board, and, if an appeal is involved, the Department of Justice in handling personnel cases brought to the MSPB. With regard to the merits of Mr. Spencer's appeal in this case, on the basis of our independent review of the record we conclude that the decision of the Board, under our standard of review, should be upheld; *see* 5 U.S.C. § 7703(c). Accordingly, the dismissal is affirmed.

## BACKGROUND

Mr. Spencer filed an IRA appeal with the Board on July 23, 2001. The AJ assigned to his case issued an order to show cause why the appeal should not be dismissed without a hearing. The order stated that it appeared "that the appellant has failed to raise non-frivolous allegations of fact which, if proven would show that he gave [the Office of Special Counsel (OSC) ] a sufficient basis on which to pursue an investigation into the disclosures and actions alleged in his appeal." *Spencer v. Dep't of the Navy*, No. SF–1221–01–0526–W–1 (M.S.P.B. Aug.6, 2001). Mr. Spencer's response to the show cause order corrected the typographical errors relating to the date of his allegedly protected disclosures and included a letter from OSC establishing that Mr. Spencer had exhausted his administrative remedies before OSC, one of the elements of an IRA appeal. Mr. Spencer also reiterated his allegations regarding other elements of his IRA appeal, *viz.*, that he made protected disclosures and that the agency threatened to take a prohibited personnel action against him.

In a subsequent order, the AJ stated that in order to establish jurisdiction over an IRA appeal, the appellant must show that he made a disclosure protected under the Whistleblower Protection Act (WPA); that the agency took or failed to take, or threatened to take or fail to take, a personnel action prohibited by the WPA; and that the appellant has exhausted his administrative remedies before OSC. *Spencer v. Dep't of the Navy*, No. SF–1221–01–0526–W–1, slip op. at 1–2 (M.S.P.B.

Aug.21, 2001) (*"Order for Hearing"*). The AJ continued:

> In order to be entitled to a hearing, the appellant must make non-frivolous allegations of fact which, if proven, would meet his burden of proving each of these elements.
>
> . . .
>
> Based on the submissions to date, it appears that the appellant has met this standard. . . . Thus he appears to be entitled to a hearing on his request for corrective action, as to those issues.

*Id.* at 2. The AJ indicated in a footnote that the Board had not yet adopted the formulation set forth in this court's opinion in *Yunus v. Department of Veterans Affairs,* 242 F.3d 1367 (Fed.Cir.2001), under which the appellant need only make non-frivolous allegations of the elements of an IRA appeal in order to establish Board jurisdiction. *Order for Hearing,* slip op. at 2 n. 1.

After a hearing, the AJ found that Mr. Spencer had shown by preponderant evidence that a covered personnel action occurred and that he had exhausted his OSC remedy. *Spencer v. Dep't of the Navy,* No. SF–1221–01–0526–W–1, slip op. at 11 (M.S.P.B. Nov.16, 2001) (*"Initial Decision"*). The AJ held that the Board did not have jurisdiction over the IRA appeal, however, because Mr. Spencer failed to show by preponderant evidence that his disclosures were protected under the WPA. *Id.* In a footnote, the AJ stated that in the alternative, applying the law as set forth in *Yunus,* he would find that Mr. Spencer made allegations establishing that IRA jurisdiction exists but failed to show by a preponderance that he made protected disclosures or that the disclosures contributed to the personnel action taken. *Id.* at 13 n. 30. Therefore, the AJ stated, he would conclude alternatively that Mr. Spencer failed to state a claim upon which

relief can be granted and would deny corrective action on that basis. *Id.* Accordingly, the AJ dismissed the appeal. The Board summarily denied Mr. Spencer's petition for review, and the decision of the AJ became the final decision of the Board.

## DISCUSSION

Mr. Spencer argues that we should remand his case for a hearing on the merits because at the hearing the AJ confused the issue by conflating jurisdiction with the merits, thus denying the petitioner a fair hearing. Petitioner's complaint is not one to be disregarded. This court for more than ten years, beginning with *Spruill v. Merit Systems Protection Board,* 978 F.2d 679 (Fed.Cir.1992), has tried to get the Board to clearly separate the issue of jurisdiction from that of the merits of a petitioner's case. We recently once again patiently explained the difference, and how that difference bears on a fair hearing process. *See Yunus,* 242 F.3d at 1371–72 & n. 1; *see also Langer v. Dep't of the Treasury,* 265 F.3d 1259, 1264–65 (Fed. Cir.2001). Indeed, we held recently in *Dick v. Department of Veterans Affairs,* 290 F.3d 1356, 1361–62 (Fed.Cir.2002), that an employee is not entitled to a hearing on the threshold issue of jurisdiction, because the Board has jurisdiction over an appeal if the employee makes non-frivolous allegations that the elements of his claim are satisfied. *Langer,* 265 F.3d at 1265; *Spruill,* 978 F.2d at 687–88. Whether allegations are non-frivolous is determined on the basis of the written record. *Dick,* 290 F.3d at 1361. Only after Board jurisdiction is established is the Board required to provide an employee with a hearing under 5 U.S.C. § 7701(a)(1), and that hearing is a hearing on the merits, not a jurisdictional hearing. *Id.* at 1362.

■ It is axiomatic that at that hearing the appellant must establish the ele-

ments of his claim by a preponderance of the evidence. *See Langer*, 265 F.3d at 1265. Failure to do so is a failure to state a claim on which relief can be granted; it is not, repeat not, a matter of lack of subject matter jurisdiction to decide the merits. The consequence of such a failure is a judgment on the merits, not a dismissal for lack of jurisdiction.

■ Failure to provide a petitioner with a fair hearing focused on the merits of his case is a violation of law, and precludes our affirming a decision by the Board. *See Dick*, 290 F.3d at 1363. In this case, by way of his alternative holding, the AJ demonstrated a sufficient sensitivity to the issue to convince us that, despite some still continuing confusion, petitioner had a fair hearing, and that the merits were correctly decided. *See Initial Decision*, slip op. at 13 n. 30. Under our standard of review, we cannot say that the conclusion reached is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence.

Nevertheless, we fully expect that the agencies and the Board, including its administrative judges, as well as the Department of Justice, in future cases will faithfully adhere to the precedent cited above, and avoid any further question about fair procedure.

*AFFIRMED.*