**Charles W. HECKMAN, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

No. 03–3028.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 11, 2003.

Rehearing En Banc Denied Oct. 15, 2003.

Before LOURIE, RADER, and BRYSON, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board), dismissed Mr. Charles Heckman's petition for review of the May 8, 2001 initial decision of the administrative judge. *Heckman v. Dep't of Agric.*, Docket No. SE–315H–99–0234–I–3, 93 M.S.P.R. 302, 2002 WL 31114683 (Sept. 16, 2002). The initial decision dismissed Mr. Heckman's appeal based in part on the administrative judge's determination that Mr. Heckman:

(1) did not complete his probationary period before termination, (2) did not establish a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4301, and (3) did not show the Board's jurisdiction under the Veterans Employment Opportunities Act of 1998 (VEOA), 5 U.S.C. § 3330(a).

Finally, the administrative judge held that, although Mr. Heckman established a prima facie claim under the Whistleblower Protection Act of 1989, as amended, (WPA), 5 U.S.C. §§ 1221 and 2302(b)(8), respondent Department of Agriculture (agency) would have taken the same action against him even without alleged disclosures by Mr. Heckman. Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and because the Board's decision is supported by substantial evidence, this court *affirms.*

## BACKGROUND

This case involves an extensive factual background, which is laid out in great detail in the initial decision. *See Heckman v. Dep't of Agric.,* Docket No. SE–315H–99–0234–I–3 (May 8, 2001). For purposes of this opinion, a restatement of those facts is unnecessary. The following summary of the facts, as determined by the administrative judge, will suffice.

Mr. Heckman is a very accomplished scientist and a veteran of the Vietnam War. In 1997, Mr. Heckman applied for a botanist position with the agency's Institute of Northern Forestry Cooperative Research Unit in Alaska and was accorded veteran's preference status. While the position was still open, agency officials offered Mr. Heckman a research grant as consideration for withdrawing from competition for the botanist position. Mr. Heckman reported this conduct to the Office of Special Counsel (OSC). Eventually, the agency and Mr. Heckman entered into a settlement agreement, wherein Mr. Heckman agreed to drop his claim, and the agency offered Mr. Heckman a Research Fishery Biologist position in Olympia, Washington, which he accepted. Mr. Heckman began his job on May 24, 1998.

Mr. Heckman received four research and writing assignments during his initial probationary year with the agency in Olympia: prepare a paper on rapid bioassessment; a plan to monitor invertebrates on the Olympic Peninsula; a plan to monitor invertebrates in Colville; and a study of salmon carcasses. In January 1999, the agency informed Mr. Heckman that his performance needed to improve if he wished to successfully complete his first year probationary period. Meantime, Mr. Heckman filed more complaints with OSC about research projects performed by the agency. For example, in his report on rapid bioassessment, Mr. Heckman indicated that he believed the project was a gross waste of funds.

The agency gave Mr. Heckman a performance improvement plan in April 1999, detailing a plan to remedy his poor past performance. On May 20, 1999, Mr. Heckman's supervisor prepared a memorandum detailing that Mr. Heckman had not made any satisfactory progress on any of the four assigned projects. Mr. Heckman's final probationary evaluation indicated he was marginal in productivity, leadership and initiative, and unsatisfactory in work quality. That same day, the agency terminated Mr. Heckman's employment. Subsequently, Mr. Heckman began this action against the agency.

The Board found that Mr. Heckman did not show a cognizable claim under the VEOA. After finding that Mr. Heckman presented a suitable claim under the US-

ERRA, the Board ultimately concluded that Mr. Heckman did not show that his military status as a Vietnam veteran played any role in the agency's actions against him.

Finally, the Board found that Mr. Heckman established jurisdiction under the WPA. The Board concluded that the agency took a "personnel action" under the WPA when it terminated Mr. Heckman's employment. The Board also held that Mr. Heckman had made two protected disclosures in this case that served as a contributing factor in the agency's action against him. Those disclosures are Mr. Heckman's report of the agency's attempt to induce him to withdraw from competition for the botanist position in 1997 and his report that the rapid bioassessment project was a waste of funds. Ultimately, however, the Board held that the agency would have taken the same action against Mr. Heckman even if the protected disclosures had never happened. This appeal followed.

## DISCUSSION

This court has jurisdiction over this appeal pursuant to 5 U.S.C. § 7703. Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999). The Board's decision on the merits must be affirmed by this court unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

Mr. Heckman focuses his appeal on the Board's ruling under the WPA and does not credibly challenge the other rulings by the Board. This court does not find any evidence in the record to support Mr. Heckman's allegations that the agency discriminates against veterans, or that Mr. Heckman's veteran status had any impact on the agency's decision to terminate his employment. The decision of the Board on those issues is sound and well reasoned. Therefore, having carefully reviewed the record and the Board's decision, this court affirms these rulings.

Mr. Heckman challenges the Board's decision with respect to his WPA claim. A probationary employee is not an "employee" as defined in 5 U.S.C. § 7511(a)(1) and, as such, is excluded from the statutory appeals process provided pursuant to 5 U.S.C. § 7703(a)(1). However, the WPA supplies some protection for probationary employees. *See Horton v. Dep't of Navy*, 66 F.3d 279, 282 (Fed.Cir.1995). To establish the Board's jurisdiction under the WPA, Mr. Heckman must show that he exhausted his administrative remedies and make a non-frivolous allegation that: (1) he engaged in whistleblowing activity by making a "protected disclosure" as defined in 5 U.S.C. § 2302(b)(8); and (2) the agency took or threatened to take a "personnel action" against him as defined in 5 U.S.C. § 2302(a)(2)(A). *See Spencer v. Dep't of the Navy*, 327 F.3d 1354, 1356 (Fed.Cir. 2003); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1372 n. 1 (Fed.Cir. 2001).

The Board found that Mr. Heckman exhausted his administrative remedies before the OSC. The Board also concluded that Mr. Heckman made protected disclosures. Finally, the Board concluded that the agency's termination of Mr. Heckman was a personnel action within the meaning of the statute. Neither party challenges, and this court affirms, the Board's finding of jurisdiction to hear Mr. Heckman's appeal under the WPA.

In order to determine whether the agency acted in reprisal for Mr. Heckman's whistleblowing activities, the Board examined whether Mr. Heckman had proven by preponderant evidence that his protected disclosures were a "contributing factor" in the agency's decision to terminate him. *See* 5 U.S.C. § 1221(e)(1)(A) & (B) (2000). Having found that burden satisfied, the burden of proof shifted to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosures. *See* 5 U.S.C. § 1221(e).

The Board found that the agency would have taken the same action absent the protected disclosures. The Board indicated numerous reasons that support the agency's actions. Mr. Heckman's performance evaluations dealt with four assigned projects. He had performed below the acceptable limits in all of them to some degree and did not remedy those problems before the end of his probationary period. Therefore, even excluding the entire rapid bioassessment project and the 1997 inducement allegation from consideration, the record supports the Board's finding that the agency would have terminated Mr. Heckman for poor performance.

Mr. Heckman also contends that the Board committed legal error in allowing Mr. Heckman's status as a probationary employee to lower the standard under the WPA. This court finds no basis for this argument in the record. The Board did not lower the agency's burden because of Mr. Heckman's probationary status. Rather, the Board briefly acknowledged the "study in contrasts" presented by a probationary employee asserting a WPA claim. Ultimately, the Board concluded, after "[c]onsidering the evidence as a whole ... that the agency had strong reasons to terminate [Mr. Heckman's] probation and only a weak motive to take reprisal against him." Accordingly, the Board found the agency had "established by clear and convincing evidence that it would have taken the same action in the absence of whistleblowing."

In sum, the agency terminated Mr. Heckman because he failed to perform at an acceptable level during his probationary period. His work did not meet the quality standards the agency sought. This court finds that the Board's decision does not violate any law or procedural rules, is not arbitrary, capricious, or an abuse its discretion, and is supported by substantial evidence.