**David GANNON, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3198.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 3, 2003.

CLEVENGER, Circuit Judge.

*ORDER*

The United States Postal Service (USPS) moves, with the concurrence of the petitioner, to waive the requirements of Fed. Cir. R. 27(f) and remand the case to the Merit Systems Protection Board (board), "with instructions that the board conduct a hearing upon the merits of the claim of *pro se* petitioner, David Gannon, that complies with this court's decisions in *Spencer v. Dep't of the Navy*, 327 F.3d 1354 (Fed.Cir.2003), and its predecessor cases."

For the reasons set forth in the USPS motion, we agree that Mr. Gannon is entitled to a full hearing on the merits to decide, inter alia, whether his demotion was voluntary. In particular, we note the candid assessment by USPS that "the probative nature of Mr. Powe's testimony is not without merit." USPS motion at 7. The USPS also notes, as does Mr. Gannon with emphasis, that the testimony of Mr. Powe was not considered by the board.

In *Dick v. Dep't of Veterans Affairs*, 290 F.3d 1356 (Fed.Cir.2002) and in *Spencer*, and even earlier in *Spruill v. Merit Systems Protection Board*, 978 F.2d 679 (Fed. Cir.1992), we instructed the board to first ascertain whether a non-frivolous claim has been made so as to vest it with jurisdiction to proceed to decide the merits of the appeal, and to take care not to collapse jurisdictional inquiries into merits inquiries in such a fashion as to short-change the opportunity of the appellant to state a full case on the merits. In *Spencer*, we expressly asked the government to assist us in assuring that the board affords appellants the full hearings to which they are entitled when non-frivolous, jurisdiction vesting claims are presented. *Id.* at 1355. In this instance the USPS has done so.

As the USPS has amply demonstrated in its motion, the board's resolution of its jurisdictional concerns in this case short-changed Mr. Gannon's opportunity to prove his case on the merits.

Accordingly,

IT IS ORDERED THAT:

(1) USPS's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) USPS's motion to remand with instructions is granted.