**Ollie M. DARBY, Petitioner,**

v.

**DEPARTMENT OF ENERGY,
Respondent.**

No. 01–3169.

United States Court of Appeals,
Federal Circuit.

Dec. 3, 2003.

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

The Merit Systems Protection Board (Board) sustained the dismissal of Ollie M. Darby's Individual Right of Action for failure to prove that she engaged in whistleblowing activity or that she was perceived as a whistleblower by anyone who had personnel action authority over her. *Darby v. Dep't of Energy*, CH–1221–98–0824–W–1 (MSPB Dec. 1, 1999 & Dec. 14, 2000). Because this court finds no error in the decision, this court *affirms*.

## BACKGROUND

Beginning in 1994, the Department of Energy (DOE) employed Ms. Darby as an Accountant and Team Leader in the Financial Review Group (FRG) at the DOE's Ohio Field Office. Her responsibilities included vulnerability assessments, internal control evaluations, and financial reviews for DOE's Fernald, Miamisburg, and West Valley Area Offices. FRG's duties included validation reviews of contractors' management control and avoidable cost reporting systems and practices. She initially reported directly to the Chief Financial Officer (CFO) of the Ohio Field Office. In 1995, DOE created a new supervisory position that assumed Ms. Darby's responsibilities as Team Leader. Although she applied for the position, the CFO selected one of the other candidates. DOE formally reassigned Ms. Darby in 1998.

Among other responsibilities, the Ohio Field Office's Fernald Area Office oversaw the cleanup of a former uranium enrichment site at Fernald, Ohio. DOE contracted the cleanup to the Fernald Environmental Restoration Management Company (FERMCO). In 1993, one of FERMCO's employees filed a Federal False Claims Act lawsuit, alleging in part that the company overcharged the Government for the cleanup. As a result of the lawsuit, DOE and other governmental agencies conducted reviews of FERMCO.

The alleged irregularities also interested Michael Gallagher, a reporter for the Cincinnati Enquirer. Starting in 1995, Mr. Gallagher filed several Freedom of Information Act (FOIA) requests with DOE, which related to safety and financial management issues with respect to FERMCO. Although Mr. Gallagher requested information from Ms. Darby's team, she was not designated as a source of information in the requests. Mr. Gallagher published a series of articles detailing the situation regarding FERMCO, never citing Ms. Darby as a source.

In 1996, Ms. Darby filed a complaint with the Office of Special Counsel, alleging that she had been retaliated against in 1995 and 1996 for whistleblowing. In particular, Ms. Darby identified the following individuals: Bob Folker, Ohio Field Office Deputy Manager; Jack Craig, Director of the Fernald Area Office; Mona Synder, Contracting Officer; Peter Greenwalt, CFO of the Ohio Field Office; and Glen Griffiths, Deputy Manager at Fernald. At the Board, Ms. Darby proffered Lisa Carter, an Equal Opportunity Employment counselor, to support her contentions. Moreover, Ms. Darby contended that Rufus Smith, who worked for DOE as a Diversity Programs Manager, was the source of the information with respect to the agency's perception of Ms. Darby as a whistleblower.

The Board dismissed Ms. Darby's claim, and she now appeals to this court. In particular, she alleges that the dismissal was improper and that the administrative judge improperly conducted her appeal. This court has jurisdiction under 28 U.S.C. § 1295(a).

## DISCUSSION

The scope of this court's review of a Board decision is limited by statute. In particular, a Board decision must be affirmed unless determined to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Cleland v. Office of Pers. Mgmt.*, 984 F.2d 1193, 1194 (Fed.Cir.1993). Accordingly, this court will not reverse a Board decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed.Cir. 2002) (quotation omitted). Moreover, credibility determinations are "virtually unreviewable" by this court. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir.1986).

■ At the outset, this court notes that the Board incorrectly characterized the hearing afforded to Ms. Darby as a jurisdictional hearing. The merits of her claim–not jurisdiction–were at issue. *See Spencer v. Dep't of Navy*, 327 F.3d 1354, 1356–57 (Fed.Cir.2003). Regardless, that error was harmless, because the Board required Ms. Darby to prove her claim by a preponderance of the evidence, which is the proper standard for a hearing on the merits. Thus, this court views the dismissal as premised on a failure to state a claim, not lack of jurisdiction. *See id.* at 1357.

■ Ms. Darby appears to argue that the Board erred in determining that a protected disclosure cannot include her work produced in performing her ordinary, normal job functions. This court, however, has often remarked that protected disclosures do not include those made as a part of an employee's required everyday job responsibilities. *See Langer v. Dep't of Treasury*, 265 F.3d 1259, 1267 (Fed.Cir. 2001). Because Ms. Darby does not allege she made any protected disclosures outside of those required by her position with DOE, this court finds no error on this ground of the Board's decision.

■ Ms. Darby also argues that the Board erred in determining that she was not perceived to be a whistleblower by DOE employees. This court disagrees, because there is substantial evidence to support the Board's determinations. The Board very carefully examined the testimony provided by Mr. Craig, Ms. Synder, Mr. Greenwalt, Mr. Folker, Ms. Carter, and Mr. Smith. Their testimony did not establish by a preponderance of the evidence that any DOE employee perceived Ms. Darby to have been a whistleblower. Moreover, this court finds no error in the Board's resolution of conflicting evidence on the basis of credibility, as that is the proper role for a factfinder. Indeed, those credibility determinations are "virtually unreviewable" by this court. *Hambsch*, 796 F.2d at 436. Because this court has determined that Ms. Darby was not perceived to be a whistleblower by any DOE employee, this court need not decide whether some of those employees lacked authority with respect to personnel actions involving Ms. Darby. Accordingly, this court finds no error on this ground of the Board's decision.

Ms. Darby also challenges various evidentiary and procedural matters. This

court has declared that "[p]rocedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir.1988). Furthermore, Ms. Darby must show that any abuse of discretion by the Board would have "caused substantial harm or prejudice to [her] rights which could have affected the outcome of the case." *Id.*

█ Ms. Darby has not shown that bifurcating the hearing and limiting the initial determination to whether she was (or was perceived to be) a whistleblower constitutes an abuse of discretion. The excluded evidence would have been considered had Ms. Darby established that she either was a whistleblower or was perceived to be a whistleblower. The evidence, however, was irrelevant to the threshold determination actually considered. Thus, the Board acted entirely within its discretion to exclude that evidence. *See Langer*, 265 F.3d at 1265.

Ms. Darby also appears to take issue with the testimony of Ms. Carter and James Jefferson. Because Ms. Darby has not shown any reversible error with respect to either Ms. Carter's affidavit or Mr. Jefferson's written testimony, this court rejects her arguments with respect to their testimony. Ms. Darby further appears to take issue with the location of her hearing as well as the treatment of her motions for legal representation, discovery, and a continuance or dismissal of her appeal without prejudice. Ms. Darby, however, has not shown reversible error in any of the Board's rulings. This court has considered the remainder of Ms. Darby's arguments but finds none persuasive.