NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3329

RICHARD E. BUCKLEY,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

—————————————

DECIDED: January 21, 2005

—————————————

Before MICHEL, Chief Judge, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

DECISION

Richard E. Buckley petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his Individual Right of Action ("IRA") appeal.  Buckley v. Social Sec. Admin., No. SE-1221-03-0104-W-1 (M.S.P.B. Mar. 4, 2004).  Mr. Buckley alleged that certain management personnel at the Social Security Administration ("SSA" or "agency") retaliated against him for having engaged in whistleblowing activity, in violation of

the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (1989) (codified at 5 U.S.C. § 2302(b)(8)). We <u>affirm</u>.

## DISCUSSION

### I.

During the relevant period of time, Mr. Buckley was employed by the SSA as a GS-14 Assistant Regional Counsel in the Office of the General Counsel ("OGC") for the agency's Seattle Regional Office. Mr. Buckley filed his IRA appeal with the Board after the Office of Special Counsel ("OSC") terminated its inquiry into his whistleblowing allegations without taking action.

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes "non-frivolous" allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision whether to take a personnel action against him as defined by 5 U.S.C. § 2302(a)(2)(A). <u>Yunus v. Dep't of Veterans Affairs</u>, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Whether allegations are non-frivolous is determined on the basis of the written record. <u>Spencer v. Dep't of the Navy</u>, 327 F.3d 1354, 1356 (Fed. Cir. 2003).

Mr. Buckley asserted before OSC and the Board that he made a number of protected disclosures that resulted in retaliatory personnel action being taken against him. Several of those alleged disclosures were the subject of an earlier IRA appeal to the Board. In that appeal, following a hearing, the Board determined that Mr. Buckley had not established that he had made protected

disclosures or that he had been subjected to a retaliatory personnel action. It therefore denied his request for corrective action. See Buckley v. Social Sec. Admin., No. SE-1221-02-0402-W-1 (M.S.P.B. Apr. 21, 2003) (initial decision); Buckley v. Social Sec. Admin., No. SE-1221-02-0402-W-1 (M.S.P.B. Jan. 21, 2004) (order denying petition for review). We have today affirmed the decision of the Board in that earlier appeal. See Buckley v. Social Sec. Admin., No. 04-3232 (Fed. Cir. Jan. 21, 2005). The Board in this case did not discuss the whistleblowing allegations made by Mr. Buckley in the earlier appeal. We follow suit and do not discuss them here.

Before OSC and the Board in this case, Mr. Buckley did raise two additional whistleblowing allegations. First, he asserted, as a protected disclosure, that a draft of a brief to be submitted in the United States Court of Appeals for the Ninth Circuit had been improperly prepared by Christine Hendon, Seattle OGC staff assistant. He asserted that this disclosure revealed "a violation of [] law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety," 5 U.S.C. § 2302(b)(8)(A)(ii). Second, Mr. Buckley's asserted that a protected disclosure arose out of the following circumstances: Mr. Buckley stated that he instructed the OGC office staff and his supervisor, Lucille Meis, to contact him at his home while he was on annual leave, concerning any developments in a discrimination case on which he was working. He also stated that the office staff did not follow his instructions and that, in his absence, Ms. Meis handled a discovery conference in the case. Mr. Buckley alleged that he

informed Ms. Meis that both events caused irreparable harm to the case. In an initial decision, the administrative judge ("AJ") to whom the appeal was assigned rejected Mr. Buckley's claim that he had made protected disclosures. Buckley v. Social Sec. Admin., No. SE-1221-03-0104-W-1 (M.S.P.B. Jun. 20, 2003) ("Initial Decision"). The AJ stated:

> The alleged disclosures the appellant raised before the OSC in this appeal are mundane workplace conflicts and miscues. They are a far cry from the type of serious allegations the WPA was meant to protect. I find that the appellant has failed to make a non-frivolous allegation that the disclosures he raised before the OSC constitute protected disclosures[.]

Initial Decision, at 7.

The AJ's Initial Decision became the final decision of the Board on March 4, 2004, after the Board denied Mr. Buckley's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

We agree with the Board that Mr. Buckley failed to make non-frivolous allegations that the disclosures he raised before OSC and the Board constituted

protected disclosures. We have set forth above the disclosures that Mr. Buckley made and upon which he relied as the basis for his two additional whistleblowing claims. The disclosures speak for themselves, and we see no error in the Board's characterization of them. Finally, we have considered and found to be without merit Mr. Buckley's claim that he was deprived of due process before the Board.

For the foregoing reasons, the final decision of the Board dismissing Mr. Buckley's IRA appeal for lack of jurisdiction is affirmed.

Each party shall bear its own costs.