**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NATAKI DAMALI MACMURRAY,
          Appellant,

       v.

OFC OF NATIONAL DRUG
   CONTROL POLICY,
          Agency.

DOCKET NUMBER
DC-3443-14-0183-I-1

DATE: August 7, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Nataki Damali MacMurray</u>, Hyattsville, Maryland, pro se.

<u>Jeffrey J. Teitz</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed an appeal in which she[2] challenged the agency's decision not to select her for the position of Senior Policy Analyst (Prevention Branch Chief), GS-15. Initial Appeal File (IAF), Tab 1. Because it appeared that the Board may not have jurisdiction over her nonselection, the administrative judge issued an acknowledgement order that specifically advised the appellant of the jurisdictional requirements with regard to her nonselection for promotion. IAF, Tab 2. In a response dated December 19, 2013, the appellant alleged that "the agency's decision of non-selection was made in retaliation for whistle-blowing." IAF, Tab 3. The appellant asserted that "I invoke whistle-blower protections for reporting a violation of my civil rights in the workplace to the department of EEOC offices in December 2007." *Id*. The appellant asserted further that, since reporting the civil rights violation in 2007, she has "experienced differential treatment in various matters from my supervisor who was the subject of my reporting." The appellant specifically identified the personnel actions she asserts were taken against her in reprisal and she stated that she was "requesting the MSPB consider my appeal under its jurisdiction to review my case of non-selection in retaliation for whistle-blowing." *Id*. The agency addressed the appellant's whistleblower claim in its January 3, 2014 response, IAF, Tab 5.

¶3 Despite the clear import of the pleadings, the administrative judge failed to acknowledge the appellant's whistleblower claim and provide the appropriate *Burgess*[3] notice informing her of what she needed to do to establish Board jurisdiction over her whistleblower claim. Rather, on March 28, 2014, the

---

[2] We note that, while the administrative judge consistently referred to the appellant as a male, the agency's submissions indicate that the appellant is a female. IAF, Tab 5.

[3] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

administrative judge issued an initial decision that dismissed the appeal finding that the Board does not have jurisdiction over her nonselection claim. IAF, Tab 6, Initial Decision (ID). In the decision, the administrative judge set forth the burden of proof regarding an individual right of action (IRA) appeal and found that the appellant did not provide any evidence showing that she exhausted her remedies with the Office of Special Counsel (OSC). ID at 2-3. However, the administrative judge also noted that he failed to provide the appellant any notice explaining the elements necessary to prove the Board's jurisdiction over an IRA appeal and, instead, advised her that, if she has exhausted her rights with OSC, "[s]he is welcome to submit such evidence to the Board in a petition for review of this initial decision." ID at 3 n.1.

¶4    An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Further, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The question of whether the appellant has made a nonfrivolous allegation is determined based on the written record, without holding a jurisdictional hearing. *Spencer v. Department of the Navy*, 327 F.3d 1354, 1356 (Fed. Cir. 2003); *Wells v. Department of Homeland Security*, 102 M.S.P.R. 36, ¶ 5 (2006).

¶5    Here, with regard to the jurisdictional question, the administrative judge failed to identify all material issues of fact and law, include his conclusions of law and his legal reasoning, or identify the authorities on which that reasoning

rested.  *See Spithaler*, 1 M.S.P.R. at 589.  This was error.  *See, e.g.*, *Wells*, 102 M.S.P.R. 36, ¶ 9.  Moreover, the written record, as developed to date, does not provide sufficient bases for determining whether the appellant has established all of the elements of Board jurisdiction over her IRA appeal.  Specifically, the appellant, who is pro se, clearly raised an IRA claim below and the agency responded to the appellant's allegations.  IAF, Tabs 3, 5.  However, the agency's response did not set forth the burdens and elements of proof for establishing this affirmative defense and thus, its response was insufficient to inform the appellant of what she needed to allege regarding jurisdiction.  *See Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶18 (2010).  Further, rather than providing the appellant with the proper *Burgess* notice, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the basis of her nonselection claim and invited her to submit evidence of exhaustion before OSC for a first time on review to support her IRA claim.  While under some circumstances the Board might be able to adjudicate a whistleblower complaint without remand, here, the administrative judge invited the appellant to submit evidence of exhaustion, but he failed to advise the appellant to submit any additional evidence or argument relevant to her claim.   ID at 3 n.1.  Moreover, because the administrative judge was aware that he had failed to provide the appellant with the proper *Burgess* notice for an IRA appeal, he should have corrected that error prior to issuing his initial decision.  Accordingly, we remand this appeal to the Washington Regional Office for further processing.  On remand the administrative judge must provide proper *Burgess* notice regarding the burdens and elements of proof for establishing a whistleblower protection claim.

**ORDER**

For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.