# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2016 MSPB 24

Docket No. CH-1221-15-0123-W-1

**Justin Christopher Graves,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

June 17, 2016

Shereef H. Akeel, Esquire, Troy, Michigan, for the appellant.

Amy C. Slameka, Esquire, Detroit, Michigan, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of an initial decision that dismissed this individual right of action (IRA) appeal for lack of jurisdiction. For the following reasons, we DENY the appellant's petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order, still DISMISSING the appeal for lack of jurisdiction. We modify the initial decision to supplement the administrative judge's conclusion that the appellant did not make a protected disclosure under 5 U.S.C. § 2302(b)(8), or engage in protected activity under 5 U.S.C. § 2302(b)(9)(B).

BACKGROUND

¶2    The agency terminated the appellant's appointment to the position of GS-0404-05 Biological Science Lab Technician based on a lack of work available in the agency's Research Service.  Initial Appeal File (IAF), Tab 7 at 9-10.

¶3    The appellant filed this IRA appeal disputing the agency's rationale for his termination and asserting that the agency committed a prohibited personnel practice because it terminated him in retaliation for protected activity, i.e., his truthful testimony before an Administrative Investigation Board (AIB) in support of a lead researcher, C.K., who was being investigated by the agency for scientific research misconduct.  IAF, Tab 1 at 6, 9.

¶4    The administrative judge ordered the appellant to establish that the Board had jurisdiction over the appeal.  IAF, Tab 3.  In his response to the order, the appellant asserted that, after he testified before the AIB and disclosed, by means of a grievance, gross mismanagement, a gross waste of funds, and a hostile work environment, the agency terminated his employment.  IAF, Tab 4 at 5.  The appellant noted that Department of Veterans Affairs (VA) Directive 0700 required him to cooperate with such investigations to the extent permitted by governing laws, regulations, policies, and collective bargaining agreements.  *Id.* at 4.

¶5    The agency moved to dismiss the appeal for lack of jurisdiction.  IAF, Tab 7 at 6, Tab 8.  After the appellant filed several responses to the agency's motion, IAF, Tabs 10, 12-13, 15, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 17, Initial Decision (ID) at 1, 6.  The administrative judge found that the Board did not have jurisdiction over the appeal under 5 U.S.C. chapter 75 because (1) the agency appointed the appellant to a position in the Veterans Health Administration under 38 U.S.C. § 7405(a), which excluded him from coverage, and (2) the appellant was serving in a temporary appointment limited to 2 years or less and did not qualify as an "employee" under 5 U.S.C. § 7511(a)(1).  ID at 2.  The administrative judge

further found that, although the appellant exhausted his remedy with the Office of Special Counsel (OSC) regarding his IRA appeal, he did not nonfrivolously allege that he engaged in the protected activity of testifying for or otherwise lawfully assisting any individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation. ID at 3-4. In this regard, the administrative judge held that the appellant's testimony in support of C.K. on November 1, 2012, during an AIB investigation concerning alleged research misconduct did not involve protected activity under 5 U.S.C. § 2302(b)(9)(B) because it was not provided pursuant to an appeal, complaint, or grievance right exercised by C.K. ID at 4.

¶6    The administrative judge also held that, although the appellant asserted that his filing of grievances led to his termination, retaliation for the filing of a grievance is not a protected activity unless the grievance was itself intended to remedy a violation of 5 U.S.C. § 2302(b)(8), i.e., retaliation for whistleblowing. ID at 4. The administrative judge found that the appellant's grievances were not intended to remedy a prior instance of whistleblower retaliation, but instead related to the agency's alleged creation of a hostile work environment, disregard for potential workplace violence, withholding of salary, and gross disregard for VA policy. ID at 5.

¶7    Finally, the administrative judge held that, although the appellant claimed in his OSC complaint to have reported gross mismanagement, the complaint and correspondence from OSC provided no supporting details regarding this conclusory assertion. *Id.* The administrative judge found that a reference in an OSC letter to an alleged disclosure of a gross waste of funds was similarly a conclusory, secondhand assertion that did not rise to the level of a nonfrivolous allegation of a protected disclosure. ID at 5 n.1.

ANALYSIS

¶8        Although the appellant appears to argue on review that the administrative judge erred in finding he was not an employee for purposes of filing an IRA appeal, he is mistaken.  PFR File, Tab 1 at 16-18.  As the administrative judge properly found, the appellant does not meet the definition of employee for purposes of filing an adverse action appeal under 5 U.S.C. chapter 75.  ID at 2; IAF, Tab 7 at 9; *see* 5 U.S.C. § 7511(a)(1)(C) (defining those nonpreference-eligible individuals in the excepted service who meet the definition of "employee" for purposes of chapter 75).  However, the administrative judge went on to analyze the appellant's claim as an IRA appeal, thus implicitly finding that the appellant met the definition of employee for purposes of filing a whistleblower reprisal claim.  ID at 2; *see Wilcox v. International Boundary & Water Commission*, 103 M.S.P.R. 73, ¶ 11 (2006) (finding that an individual meets the definition of an employee under the Whistleblower Protection Act (WPA) if he has been (1) appointed in the civil service by a Federal official acting in his official capacity, (2) engaged in the performance of a Federal function under authority of law or executive act, and (3) under the supervision of a named Federal official while engaged in the performance of the duties of his position); 5 C.F.R. § 1209.2(a) (identifying individuals who generally may file a whistleblower reprisal appeal as employees, former employees, or applicants for employment).  We agree with this conclusion.

¶9        The appellant also asserts on review that he met the required elements for a nonfrivolous claim of jurisdiction because he raised before OSC a claim that the agency terminated him in reprisal for reporting gross mismanagement and a gross waste of funds.  Petition for Review (PFR) File, Tab 1 at 18-19.  The administrative judge found that the appellant's OSC complaint and other correspondence from OSC provided no supporting details regarding these conclusory assertions.  ID at 5 & n.1.  The appellant has provided no further

details on review regarding the nature of these alleged protected disclosures. PFR File, Tab 1 at 18-19. Under these circumstances, we find that the appellant has shown no error in this determination by the administrative judge. *See, e.g.*, *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015) (holding that vague, conclusory, and unsupported allegations do not satisfy the Board's nonfrivolous pleading standard).

¶10 In any event, it appears from the pleadings the appellant submitted to the Board that his assertions regarding gross mismanagement and a gross waste of funds relate to his contention that, after the agency initiated its investigation and precluded the appellant and others from continuing their research, the agency nevertheless instructed the affected individuals to come to work and get paid "for not working." IAF, Tab 15 at 8-9. The appellant, however, identified these assertions as having been made only in the course of his grievances. *Id.* at 8-9, 55-56, 70, 118. Under these circumstances, and assuming that the appellant exhausted his OSC remedies regarding these allegations, any such disclosures are not protected under 5 U.S.C. § 2302(b)(8) and do not serve as a basis for Board jurisdiction over this IRA appeal. *See, e.g.*, *Miller v. Merit Systems Protection Board*, 626 F. App'x 261, 269 (Fed. Cir. 2015) (finding that the Board does not have jurisdiction over an IRA appeal arising out of disclosures made solely during grievance proceedings and not separately disclosed to the agency);[1] *Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1575-76 (Fed. Cir. 1996) (same), *abrogated on other grounds by Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371-72 & n.1 (Fed. Cir. 2001).

¶11 The appellant also asserts on review that the Board should recognize that, consistent with the purposes of the WPA and the Whistleblower Protection

---

[1] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

Enhancement Act of 2012 (WPEA), his testimony during the AIB investigation is protected activity that can form the basis of a retaliation claim. PFR File, Tab 1 at 20-21. He contends that reading the WPA broadly to protect his testimony is consistent with its purposes of strengthening and improving protection of Federal employees who are willing to criticize Government management and encouraging employees to disclose Government problems. *Id.* at 21. The appellant asserts that the Board should go beyond the literal language of the statute if reliance on that language would defeat the purpose of the statute and that courts have done so in interpreting the retaliation provisions in other employment statutes. *Id.* at 22. Therefore, he asserts that the retaliation protections afforded by 5 U.S.C. § 2302(b)(9)(B) should apply to Federal employees who testify within the scope of their employment, regardless of the process at issue. *Id.* at 23.

¶12        The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). Under 5 U.S.C. § 2302(b)(9)(B), it is a protected activity to "testify[ ] for or otherwise lawfully assist[] any individual in the exercise of any right referred to in subparagraph (A)(i) or (A)(ii)." Section 2302(b)(9)(A), in turn, covers the protected activities of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation – (i) with regard to remedying a violation of paragraph (8); or (ii) other than with regard to remedying a violation of paragraph (8)."

¶13        The interpretation of a statute begins with the language of the statute itself. *Bostwick v. Department of Agriculture*, 122 M.S.P.R. 269, ¶ 8 (2015). If the language provides a clear answer, the inquiry ends and the plain meaning of the

statute is regarded as conclusive absent a clearly expressed legislative intent to the contrary. *Id.*; *Hall v. Office of Personnel Management*, 102 M.S.P.R. 682, ¶ 9 (2006). Under the maxim of statutory interpretation expressio unius est exclusio alterius ("the expression of one thing is the exclusion of the other"), it should not be assumed that other things that could have been listed in a statute were meant to be included; rather, the specific mention of certain things implies the exclusion of other things. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 11 (2015).

¶14    The administrative judge correctly found that the investigation at issue in this case did not constitute the exercise by C.K. of an "appeal, complaint, or grievance right." ID at 4. Instead, C.K. was the subject of an agency-initiated investigation. *Id.* Section 2302(b)(9)(B) clearly applies to testifying for or otherwise lawfully assisting any individual in the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation, and the specific mention of these types of activities implies the exclusion of others.

¶15    In support of the administrative judge's finding, we note that, even before the enactment of the WPEA, 5 U.S.C. § 2302(b)(9) made it a prohibited personnel practice to retaliate against an employee or applicant for employment "because of the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation." *Linder*, 122 M.S.P.R. 14, ¶ 7. Reprisal in violation of section 2302(b)(9) was viewed as "'reprisal based on exercising a right to complain.'" *Serrao*, 95 F.3d at 1575 (quoting *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690 (Fed. Cir. 1992)). The Board had held that claims of a prohibited personnel practice, such as reprisal under section 2302(b)(9), did not serve as an independent basis for a finding of Board jurisdiction over an IRA appeal. *Linder*, 122 M.S.P.R. 14, ¶ 7. In interpreting the pre-WPEA version of 5 U.S.C. § 2302(b)(9), the Board held that a claim of reprisal for exercising a right to complain in certain administrative proceedings, such as Board appellate proceedings, the equal employment opportunity complaint process, grievance

proceedings, and unfair labor practice proceedings, was not a basis for a finding of Board jurisdiction. *Id.*[2]

¶16     In *Von Kelsch v. Department of Labor*, 59 M.S.P.R. 503, 505-06, 508 (1993), *overruled on other grounds by Thomas v. Department of the Treasury*, 77 M.S.P.R. 224, 236 n.9 (1998), *overruled by Ganski v. Department of the Treasury*, 86 M.S.P.R. 32 (2000), the appellant alleged that the agency retaliated against her for submitting a CA-1 Notice of Traumatic Injury. The Board found that an employee who files a CA-1 is exercising his or her right to file a "claim" for "payment of compensation" under the Federal Employees' Compensation Act (FECA). *Id.* at 508. The Board determined that, in adjudicating a FECA claim, the Office of Workers' Compensation Programs (OWCP) decides whether the claimant has provided sufficient evidence of a nexus between the injury and her course of employment and, if so, the amount and kind of compensation to be awarded. *Id.* The Board noted that the OWCP is not empowered to grant relief for any underlying personnel practices that may have led to the injury. *Id.*

¶17     Comparing the nature and scope of a FECA claim with, for example, an appeal to the Board, a complaint filed with the Equal Employment Opportunity Commission, a grievance, or an unfair labor practice complaint, the Board concluded in *Von Kelsch* that the submission of a FECA claim for compensation for a work-related injury did not constitute an initial step toward taking legal action against an employer for the perceived violation of an employee's rights. *Id.* Accordingly, the Board found that the filing of a CA-1 is not the "exercise of

---

[2] We note that the appellant does not contend that the content of his testimony during the AIB investigation qualifies as a disclosure of either "a violation of any law, rule, or regulation," "gross mismanagement," or an abuse of authority under section 2303(b)(8). Thus, we have no occasion to consider whether the Board has jurisdiction when disclosures allegedly protected under section 2303(b)(8) are made solely in the course of an agency-initiated investigation and never presented outside that context.

any appeal, complaint, or grievance right" within the terms of 5 U.S.C. § 2302(b)(9).  *Von Kelsch*, 59 M.S.P.R. at 508-09.

¶18     The WPEA amended various provisions of the WPA, including 5 U.S.C. § 2302(b)(9).  Pub. L. No. 112-199, § 101(b)(2)(B), 126 Stat. 1465, 1465-66.  As set forth above, the new statutory language provides that it is a prohibited personnel practice to retaliate against an employee or applicant because of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation – (i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]."  5 U.S.C. § 2302(b)(9)(A).  Nothing in the WPEA, however, altered the Board's previous analysis in *Von Kelsch* concerning the meaning of the terms "appeal, complaint, or grievance" in the statutory language.  *Linder*, 122 M.S.P.R. 14, ¶ 10.  Thus, we agree with the administrative judge that the investigation by the AIB did not constitute the exercise of an appeal, complaint, or grievance right by C.K. because it did not constitute an initial step toward taking legal action against the agency for a perceived violation of employment rights.  *Id.*, ¶ 11 (filing a motion to dismiss an indictment does not constitute an initial step toward taking legal action against an employer for a perceived violation of employment rights); *cf. Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 6 (2014) (representing an agency employee during an informal grievance meeting clearly falls within the protective umbrella of the WPEA).

¶19     In fact, the term "administrative investigation" means "a systematic process for determining facts and documenting evidence about matters of significant interest to the VA."  VA Directive 0700, § 1.a (Mar. 25, 2002).[3]  Such

---

[3] Although the parties did not submit a copy of VA Directive 0700 into the record, the appellant referenced the directive in his pleadings, and we may take official notice of the Directive, which is publicly available at www.va.gov/ogc/investigations.asp (last

investigations "are conducted to collect and analyze evidence to determine what actually happened and why it happened, so that individual and systemic deficiencies can be identified and effectively corrected." *Id.* The VA's policy provides that "significant incidents occurring and issues arising within VA facilities or staff offices, or as a result of VA activities, shall be reported and investigated as necessary to meet the informational and decision-making needs of the VA." VA Directive 0700, § 2.a(1). "VA employees are required to cooperate with administrative investigations in accordance with 38 [C.F.R.] § 0.735-12(b) and other applicable authorities." VA Directive 0700, § 2.b(4). Under 38 C.F.R. § 0.735-12(b), titled "Furnishing testimony," employees "will furnish information and testify freely and honestly in cases respecting employment and disciplinary matters." There is no indication in the record or in VA Directive 0700 suggesting that an administrative investigation constitutes an initial step by an employee toward taking legal action against the agency for a perceived violation of employment rights or that the AIB is empowered to grant relief for any personnel action related to the investigation.

¶20    Despite the appellant's contentions that the purpose of the WPA is to strengthen, improve, and protect the rights of Federal employees, prevent reprisal, and help eliminate wrongdoing within the Government, and that remedial statutes should be interpreted broadly, the statutory language at issue in this case is clear as to the types of protected activities that fall under 5 U.S.C. § 2302(b)(9)(B). The appellant has not identified any clearly expressed legislative intent indicating that testifying for or otherwise lawfully assisting an individual during an agency investigation constitutes protected activity under section 2302(b)(9)(B). The Board "does not have the authority to determine the

_____

visited June 17, 2016). *See Willingham v. Department of the Navy*, 118 M.S.P.R. 21, ¶ 18 (2012) (taking official notice of a publicly available Department of Defense Instruction).

most efficient and effective means to prevent agency retaliation"; rather, "it has only as much authority as Congress chooses to give it." *King v. Jerome*, 42 F.3d 1371, 1375 (Fed. Cir. 1994). The Board is not permitted, therefore, to create new remedies that the appellant believes Congress may have overlooked. *Id.* at 1375-76.

¶21 Finally, the appellant asserts that the administrative judge erred in relying on *Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984), to deny him a hearing based upon a determination that there was no factual dispute bearing on the issue of jurisdiction. PFR File, Tab 1 at 24-25; ID at 1. The appellant contends that he is entitled to a "hearing on jurisdiction" under the standard set forth in *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1330 (Fed. Cir. 2006) (en banc). PFR File, Tab 1 at 25-26. We disagree.

¶22 An appellant meets his jurisdictional burden in an IRA appeal and is entitled to a hearing on the merits if, after exhausting his remedy with OSC, he makes nonfrivolous allegations that he engaged in protected activity that was a contributing factor in a personnel action. *Carney*, 121 M.S.P.R. 446, ¶¶ 4, 11. An employee is not entitled to a jurisdictional hearing in an IRA appeal because the Board has jurisdiction over such an appeal only if the employee nonfrivolously alleges that he satisfied the prima facie elements of his claim. *Spencer v. Department of the Navy*, 327 F.3d 1354, 1356 (Fed. Cir. 2003). "Whether allegations are non-frivolous is determined on the basis of the written record." *Id.* The employee is only entitled to a hearing once jurisdiction is established, and that hearing is on the merits, not on jurisdiction. *Id.*; *see Oscar v. Department of Agriculture*, 103 M.S.P.R. 591, ¶ 7 (2006) (finding that, because an appellant made a nonfrivolous allegation of jurisdiction, the hearing held by the administrative judge was properly characterized as a hearing on the merits). By contrast, in adverse action appeals or constructive adverse action appeals, unlike IRA appeals, an appellant is entitled to a jurisdictional hearing if

he makes nonfrivolous allegations of jurisdiction. *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 18 n.5 (2008); *see Garcia*, 437 F.3d at 1324-25, 1344. As set forth above, the administrative judge correctly found in this appeal that the appellant did not make nonfrivolous allegations that he made protected disclosures or otherwise engaged in protected activity. Thus, the administrative judge correctly held that the appellant was not entitled to a hearing in this IRA appeal and dismissed this case for lack of jurisdiction.

## ORDER

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this

order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.