**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALEXANDER M. SMITH,
                    Appellant,

        v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
                    Agency.

DOCKET NUMBER
DC-1221-17-0664-W-1

DATE: June 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alexander M. Smith, Washington, D.C., pro se.

Vinayak S. Nain, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective March 6, 2016, the agency appointed the appellant to the competitive-service position of GS-13 Senior Policy Advisor in the Family and Youth Services Bureau (FYSB), subject to a 1-year initial probationary period.  Initial Appeal File (IAF), Tab 6 at 30.  Effective December 2, 2016, the agency terminated the appellant for postappointment reasons.  *Id.* at 22-25.  After filing a whistleblowing complaint with the Office of Special Counsel (OSC), and receiving OSC's closeout letter, the appellant filed the instant IRA appeal with the Board challenging his termination.  IAF, Tab 1 at 4-5, 8.

¶3        The administrative judge issued an order, informing the appellant of the standard for establishing jurisdiction over an IRA appeal and directing him to file a statement detailing the elements of his claim, including a list of each protected disclosure that he was asserting and why he believed that each disclosure was a contributing factor in a claimed personnel action.  IAF, Tab 3.  The appellant did not respond to the order.  After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of

jurisdiction. IAF, Tab 7, Initial Decision (ID). She found that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure, ID at 6-8, and that the appellant failed to exhaust his administrative remedies before OSC, ID at 8-12. The appellant has filed a petition for review disputing the initial decision, and submitting additional documentary evidence. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## ANALYSIS

¶4 The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).

¶5 On review, the appellant argues that the administrative judge denied him his right to a hearing, and he submits additional evidence that he claims he did not submit below because it can only be understood in the context of hearing testimony. PFR File, Tab 1 at 3-4, 17-33. We have reviewed this newly-submitted evidence, and we find that the appellant has not shown that it is either new or material. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (stating that the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material); 5 C.F.R. § 1201.115(d). All of the evidence predates the initial decision, and the appellant appears to acknowledge that he had it in his possession before the initial decision was issued. PFR File, Tab 1 at 4, 17-33; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Although the appellant states that he was waiting to submit this evidence at a hearing, the administrative judge explicitly informed him that he must establish jurisdiction

on the written record and that he would not receive a hearing unless he did so. IAF, Tab 3 at 7-8; *see Spencer v. Department of the Navy*, [327 F.3d 1354](), 1356 (Fed. Cir. 2003) (finding that an appellant is entitled to a hearing in an IRA appeal only if he establishes jurisdiction over his appeal); *Graves v. Department of Veterans Affairs*, [123 M.S.P.R. 434](), ¶ 22 (2016) (same).  Rather than waiting for a hearing, the appellant could have explained the import of this evidence in the jurisdictional brief that he was ordered to file but did not do so.  Nor does any of this evidence appear to warrant a different outcome from that of the initial decision.  *See Russo v. Veterans Administration*, [3 M.S.P.R. 345](), 349 (1980).

¶6        Much of the petition for review consists of a verbatim replication of the appellant's initial appeal submission, which was his only other filing in this appeal.  PFR File, Tab 1 at 7-11, 14-16; IAF, Tab 1 at 9-15.  To this extent, we find that the appellant is merely registering his disagreement with the initial decision.  *See Weaver v. Department of the Navy*, [2 M.S.P.R. 129](), 133-34 (1980).  Nevertheless, in light of the jurisdictional nature of the issues, we have reviewed the administrative judge's findings.  *See Simnitt v. Department of Veterans Affairs*, [113 M.S.P.R. 313](), ¶ 5 (2010) (recognizing that the issue of jurisdiction is always before the Board and may be raised at any time during a Board proceeding).

¶7        We agree with the administrative judge that the appellant appears to be arguing that he made two protected disclosures—the first concerning FYSB's lack of "adequate knowledge in the areas of family planning, education, and parenting/perinatal health services for homeless youth," and the second concerning FYSB's lack of "proper guidance and standards around 'evidence-based' programs and [need] to improve Title V programs, ensuring they are trauma-informed, evidence-based, and medically accurate."[2]  IAF, Tab 1

---

[2] "Title V" refers to Title V of the Social Security Act of 1935, Pub. L. No. 74-271, 49 Stat. 620, 629-34 (codified as amended at 42 U.S.C. chapter 7, subchapter V).  The

at 10; ID at 6-7. However, we also agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that either of these disclosures was protected. ID at 6-8, 10-11. A protected disclosure under 5 U.S.C. § 2302(b)(8) is a disclosure of information that an employee reasonably believes evidences any violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶ 16 (2007), *overruled on other grounds by Edwards v. Department of Labor*, 2022 MSPB 9. As the administrative judge correctly found, the appellant failed to make a nonfrivolous allegation that his disclosures meet this standard. The appellant's disclosures, as he describes them, contain at most vague and conclusory allegations of wrongdoing that are not covered under the Whistleblower Protection Act (WPA). ID at 7-8; *see Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 17 (2006); *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 21 (2005).

¶8      Furthermore, it appears to us that the appellant's disclosures are essentially policy disputes that reflect his own ideas for reforming the agency's grant programs, IAF, Tab 1 at 10-13, but the Board has found that the WPA is not meant to be used as a weapon in arguments over policy, *O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 14 (2013), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014). For example, the appellant believed that the agency should provide further guidance to grant applicants on how to show that their education programs are "medically accurate" and their research is "evidence based," as required by 42 U.S.C. § 710(b)(2), (5). IAF, Tab 1 at 5, 9-12. He also recommended that the agency expand its knowledge base by conducting additional research or a literature review on "the unmet needs of runaway and homeless youth in the areas of family planning, education, and parenting/perinatal health services." *Id.* at 10,

---

Title V programs at issue here appear to be the "sexual risk avoidance education" programs authorized under 42 U.S.C. § 710.

12.  However, even if the appellant reasonably believed that these measures would be efficacious, we find nothing to indicate that he reasonably believed that the agency was committing gross mismanagement by not adopting them.  IAF, Tab 1 at 12; *see Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 16 (2007) (indicating that gross mismanagement does not include management decisions that are merely debatable).

¶9      Nor has the appellant made a nonfrivolous allegation that he reasonably believed his disclosures evidenced a gross waste of funds.  Although the appellant believes that the agency's $75 million grant programs would benefit from additional research and guidance, IAF, Tab 1 at 12-13, his disclosures were about how these programs were being administered—not about their cost, *see Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996).

¶10     Nor has the appellant made a nonfrivolous allegation that he reasonably believed his disclosures evidenced a substantial and specific danger to public health and safety.  The appellant asserts that, absent his proposed measures, the Title V grant programs "may be completely ineffective, or even harmful to specific youth populations."  IAF, Tab 1 at 5, 9-12.  However, the appellant has not identified the "specific danger" that he is concerned about.  His speculation that some unnamed harm may befall targeted youth populations through some unnamed mechanism if his suggestions are not adopted does not amount to a disclosure of a substantial and specific danger to public health and safety.  *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 10 (2013).

¶11     Finally, the appellant has not made a nonfrivolous allegation that he reasonably believed that his disclosures evidenced an abuse of authority.[3]  The appellant alleges that various agency officials abused their authority in several respects, but he does not argue that these alleged abuses of authority were the subject of any disclosures.  IAF, Tab 1 at 13; PFR File, Tab 1 at 5, 11-14.

---

[3] The appellant does not argue that his disclosures evidenced a violation of any law, rule, or regulation, nor do we see any indication that they might have.

Rather, it appears that he is intending to show that these officials had retaliatory motive and that the stated reasons for terminating him were pretextual. These matters have no bearing on the jurisdictional issue but instead go to the merits of the case and the agency's affirmative defense. *See generally Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). We find the appellant's allegations in this regard to be immaterial because the Board must first address the matter of jurisdiction before proceeding to the merits of the appeal. *Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000).

¶12    The appellant also challenges the administrative judge's finding that he failed to exhaust his administrative remedies before the OSC because his complaint lacked sufficient detail to give OSC an adequate basis to pursue an investigation. PFR File, Tab 1 at 3; ID at 8-12. However, in light of the analysis above, we find it unnecessary to reach this issue and we decline to do so. Because the appellant has not made a nonfrivolous allegation that he engaged in activity protected under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), B, C, or D, we agree with the administrative judge that the Board lacks jurisdiction over this appeal, and we affirm the initial decision on that basis.[4]  *See Layton v. Department of the Army*, 112 M.S.P.R. 549, ¶ 17 (2009), *aff'd*, 392 F. App'x 875 (Fed. Cir. 2010).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.