## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY WAYNE SEDA,
         Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
         Agency.

DOCKET NUMBER
PH-3443-21-0051-I-1

DATE: March 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Wayne Seda</u>, Aberdeen, Maryland, pro se.

<u>Shelly S. Glenn</u>, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to reflect the Board's consideration of the appellant's response to the administrative judge's jurisdictional order, we AFFIRM the initial decision.

## BACKGROUND

On October 30, 2020, the appellant submitted an appeal and supplement thereto in which he contended, among other things, that the agency did not select him for certain agency positions even though he "was the best candidate who exceeded the specialized experience," in reprisal for filing an equal employment opportunity (EEO) "charge complaint investigation and lawsuit" 19 years earlier. Initial Appeal File (IAF), Tab 1 at 1, Tab 2 at 2-3. He included, among other things, a disclosure form and prohibited personnel practice complaint he had submitted to the Office of Special Counsel (OSC). IAF, Tab 2 at 6-31, 45-56. The appellant asserted in his OSC complaint that he had made a protected disclosure in September 2001 about a hostile work environment. *Id.* at 17-18. He also claimed that a Board settlement attorney reported to him in a December 2019 telephone call that an attorney at the agency's Loch Raven Medical Center had told the settlement attorney that the appellant's name was on a "do not hire" list. *Id.* at 2, 9, 18-20, 23.

The administrative judge issued a November 24, 2020 jurisdictional order in which she explained to the appellant that the Board does not generally have

jurisdiction to hear appeals from nonselections. IAF, Tab 4 at 1. She gave the appellant notice concerning the elements and burdens that he must meet to establish jurisdiction over an individual right of action (IRA) appeal. *Id.* at 2-6. The appellant did not reply to the jurisdictional order within the 10 calendar day deadline set by the administrative judge, who then issued a second order on December 7, 2020, requiring that the appellant's response be received by her not later than December 11, 2020. IAF, Tab 6 at 2. In a December 14, 2020 initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1. She noted the appellant's failure to respond to her jurisdictional order, but rather than dismiss the appeal as a sanction for his failure to respond to her orders, she found his allegation that he should have been hired because he was the best candidate failed to comprise a nonfrivolous allegation of Board jurisdiction over the appealed nonselections. ID at 2-3; IAF, Tab 1 at 1.

On December 14, 2020, the appellant filed a response to the administrative judge's jurisdictional order. IAF, Tab 10. He asserted in his sworn submission that he had received the administrative judge's jurisdictional order just 2 days earlier, on December 12, 2020. *Id.* at 1, 6. In his timely filed petition for review, the appellant reiterated that chronology, asserting that the Postal Service had experienced major mail backlogs due to the COVID-19 pandemic. Petition for Review (PFR) File, Tab 1 at 1. The rest of the documents the appellant includes with his petition for review are already in the record or repeat evidence and argument that is already a part of the record. PFR File, Tab 1 at 5-9, 15-109. The agency has filed a response to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4, 6.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>Because the appellant diligently replied to the administrative judge's
jurisdictional order, we consider his response on review.</u>

To establish good cause for an untimely filing a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Mozqueda v. Department of Defense*, 54 M.S.P.R. 152, 156 (1992); *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

As noted above, the appellant asserted in a sworn pleading that he received the administrative judge's jurisdictional order on December 12, 2020, a Saturday, and the day after the deadline for responding set by the administrative judge, and that he responded 2 days later on December 14, 2020, a Monday.[2] IAF, Tab 10; PFR File, Tab 1 at 1. Under the circumstances present here, when the undisputed evidence of record shows that the appellant promptly responded to the administrative judge's order on the next business day after his receipt of the order we find that the appellant acted with diligence. Accordingly, his submission should have been considered by the administrative judge and we will consider his

---

[2] The appellant's contention that it took 5 days for the order to be delivered by the U.S. Postal Service from the administrative judge located in New York City to his address in Aberdeen, Maryland, is completely reasonable in light of typical holiday-season mail delays and, as the appellant asserts, mail delays due to the COVID-19 pandemic, which were well documented. Providing for 5 days for the delivery of an item served through the mail is consistent with the Board's regulations. 5 C.F.R. § 1201.23.

response on review, along with his petition for review. IAF, Tab 10; PFR File, Tab 1.

<u>The appellant's jurisdictional response fails to establish jurisdiction over his IRA appeal, and his petition for review fails to show that the administrative judge erred in dismissing the appeal for lack of jurisdiction.</u>

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. §2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b) (9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint alleging retaliation for a protected activity and seeking corrective action with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he sought corrective action. 5 U.S.C. § 1214(a) (3); *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010); 5 C.F.R. § 1209.5(a).

Based on the appellant's appeal and supplement, IAF, Tabs 1-2, the administrative judge, without further analysis, found that the appellant's allegation that the agency should have hired him because he was the best candidate failed to amount to a nonfriovolous allegation that the Board had jurisdiction over the nonselections he appealed, ID at 2-3. As explained below, our review of the appellant's evidence, including his jurisdictional response and arguments on review, also shows that he failed to establish jurisdiction over his IRA appeal.

In his initial submissions to the Board, the appellant argued without elaboration or explanation that the agency had committed a prohibited personnel

practice by violating 5 U.S.C. § 2302(b)(1), (4), (8), (9), (11), and (12).[3]  IAF, Tab 1 at 1-2.  The appellant explained that he "should have been hired under the special authorities" for disabled veterans because he "was the best candidate who exceeded the specialized experience" required for the position.  IAF, Tab 1 at 1. The appellant included two job announcements for agency positions from USA Jobs.  IAF, Tab 1 at 6-23.  He also included an October 7, 2020 letter from the OSC Disclosure Unit explaining that it had closed his disclosure matter because that unit does not review allegations of prohibited personnel practices.  *Id.* at 3. The appellant included an October 14, 2020 letter from the Department of Labor, Office of Federal Contract Compliance Programs (OFCCP) explaining that it lacked jurisdiction over his complaint of unfair treatment at the Department of Veterans Affairs.  *Id.* at 4-5.  He also submitted his September 15, 2020 OSC prohibited personnel practice complaint.[4]  IAF, Tab 2 at 1-5, 12-31, 45-56.

In his response to the administrative judge's jurisdictional order, the appellant explained that he had resigned from his job as a telephone operator at the agency's Baltimore, Maryland medical center in September 2001, and at that time he had made reports to the human resources department and his supervisor about a toxic environment.  IAF, Tab 10 at 2-4, 8, 16-17.  He also mentioned

---

[3] The intent of the appellant's initial submissions to the Board was unclear as the appeal and supplemental attachment he sent to the Board were comprised of letters addressed to other agencies and the attachments thereto.  IAF, Tab 1 at 1, Tab 2 at 1. Nevertheless, because the appellant submitted the letters to the Board, they were forwarded to the appropriate regional office for adjudication as an appeal.  IAF, Tab 3 at 1.  Additionally, we note that the appellant filed four other petitions for review:  *Seda v. Department of Transportation*, DC-3330-17-0332-I-1, a Veterans Employment Opportunities Act of 1998 (VEOA) nonselection appeal; *Seda v. Social Security Administration*, PH-0752-17-0451-I-1, and PH-1221-19-0026-W-1, which both concern his termination from that agency during his probationary trial period; and, *Seda v. Department of Veterans Affairs*, PH-3330-19-0114-I-1, another VEOA nonselection appeal.  We have addressed those petitions for review in separate decisions.

[4] This submission also included a copy of his OSC disclosure, OFCCP complaint, and numerous documents that concerned an appeal before the Equal Employment Opportunity Commission, his professional and educational background, and several agency jobs for which he had applied.  IAF, Tab 2 at 31-44, 57-124.

reporting a security violation in which an agency employee brought his girlfriend to a secure workspace. *Id.* at 2. The appellant reiterated his assertion that a Board settlement attorney had told him that he was on a do not hire list. *Id.* The appellant asserted that this showed the agency has been retaliating against him for 19 years for "filing an EEOC charge complaint investigation and lawsuit." *Id.* In addition to reprisal, he argued that the agency obstructed his right to compete for employment in violation of 5 U.S.C. § 2302(b)(4). *Id.*

> *The appellant established OSC exhaustion concerning his allegation that the agency blacklisted him*

The appellant contended in his September 15, 2020 OSC complaint that the agency placed him on a blacklist "for filing a EEOC, OSC, DoL, MSPB charge complaint investigation and lawsuit." IAF, Tab 2 at 45, 52-53. He also claimed in his OSC complaint that he had disclosed a hostile work environment, and asserts that his supervisor, who is not identified, said that she should have fired him for reporting it to the human resources department. IAF, Tab 2 at 17-18.

The appellant did not file a closure letter from OSC with the Board and when he filed his appeal, less than 2 months after filing with OSC, the matter was not ripe for adjudication by the Board. However, because well over 120 days has passed since the appellant filed his OSC complaint on September 15, 2020, *id.* at 54, the appellant has exhausted his administrative remedies concerning the disclosures and personnel actions he identified before OSC and the matter is now ripe. 5 U.S.C. § 1214(a)(3); *Garrison v. Department of Defense*, 101 M.S.P.R. 229, ¶¶ 6-7 (2006); 5 C.F.R. § 1209.5(a). The Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board. *Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 7 (2010). Although we would often remand such an appeal to develop the record, we need not do so here because the question of whether an appellant has established jurisdiction over an IRA appeal is made on the appellant's written submissions. *See Spencer v. Department of the Navy*, 327 F.3d 1354, 1356 (Fed.

Cir. 2003)[5]; *Shope v. Department of the Navy*, 106 M.S.P.R. 590, ¶ 5 (2007). Thus, we can resolve the jurisdictional issue here and, as discussed previously, will consider both the appellant's petition for review and his response to the jurisdictional order.

> *The appellant failed to make a nonfrivolous allegation that he made a protected disclosure that was a contributing factor in a personnel action*

The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). As the U.S. Court of Appeals for the Federal Circuit in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020), determined: "[T]he question of whether the appellant has non-frivolously alleged protected disclosures [or activities] that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *See, e.g., Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014) (concluding that to establish IRA jurisdiction, an appellant must make a specific and detailed allegation of wrongdoing, rather than a vague one). As noted above, the administrative judge in this appeal found that the appellant's allegations below failed to constitute a nonfrivolous allegation of jurisdiction over the appellant's IRA appeal. ID at 2-3.

The appellant claimed that he made a disclosure to the agency's human resources department in September 2001, but he fails to identify the individuals

---

[5] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act (Pub. L. No. 115-195, 132 Stat. 1510), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

involved, and only describes the content of the disclosure in vague, broad statements, i.e., that he disclosed a toxic work environment and another employee inappropriately brought a girlfriend to a secure workspace, which embarrassed his unnamed supervisor. IAF, Tab 2 at 18, Tab 10 at 2. However, his vague allegation that he disclosed an allegedly hostile work environment, without more, fails to constitute a nonfrivolous allegation that he made a protected disclosure under section 2302(b)(8). IAF, Tab 10 at 2-3, *Salerno*, 123M.S.P.R. 230, ¶ 6; *Linder*, 122 M.S.P.R. 14, ¶ 14. The same is true for the appellant's unexplained contention that an agency employee brought his girlfriend to a secure workspace, as the appellant fails to identify the employee, the workspace, or even when this alleged security violation occurred. IAF, Tab 10 at 2; *Salerno*, 123 M.S.P.R. 230, ¶ 6; *Linder*, 122 M.S.P.R. 14, ¶ 14.

Under 5 U.S.C. § 2302(b)(9)(A), it is a protected activity to exercise "any appeal, complaint, or grievance right granted by any law, rule, or regulation—(i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." Although the Whistleblower Protection Enhancement Act permits consideration of certain types of section 2302(b)(9) activity in a whistleblowing appeal, of the two provisions, an employee or applicant for employment may seek corrective action from the Board only for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). 5 U.S.C. § 1221(a); *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 24, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed Cir. July 7, 2023).

The appellant asserted that the agency did not select him for the identified positions because he filed an EEO complaint, raising a potential claim under 5 U.S.C. § 2302(b)(9)(A). IAF, Tab 2 at 2, Tab 10 at 2; *Salerno*, 123 M.S.P.R. 230, ¶ 5. He does not specifically identify the complaint at issue, but he alleged that he is being retaliated against, among other things, for "asserting his rights to be free from employment discrimination including harassment." IAF, Tab 2 at 4; IAF, Tab 10 at 2.

As explained above, the substance of the appellant's EEO complaint did not concern remedying an alleged violation of section 2302(b)(8). Rather, he was seeking to remedy purported reprisal for matters covered by Title VII. Therefore, his EEO complaint is not within the purview of section 2302(b)(9)(A)(i), and the Board lacks jurisdiction to consider such allegations in the context of this IRA appeal. *Edwards*, 2022 MSPB 9, ¶ 25; *see* 5 U.S.C. § 1221(a).

To prove that a disclosure was a contributing factor in a personnel action, the appellant only need demonstrate that the fact of, or the content of, the protected disclosure was one of the factors that tended to affect the personnel action in any way. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015). The knowledge/timing test allows an employee to demonstrate that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

As noted above, there is a 19-year gap between the appellant's alleged disclosure and the agency's alleged blacklisting that resulted in the appealed nonselections. The Board has held that a personnel action taken just 2 to 3 years after a disclosure is too remote to satisfy the knowledge/timing test. *See, e.g., Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (holding that the timing of the appellant's demotion was too remote to satisfy the knowledge/timing test where the appellant was demoted more than 2 years after her protected disclosures).

However, the amount of time is not dispositive, and the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor criteria. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012) (finding contributing factor despite a 4-year gap between the alleged protected disclosure and personnel action, based on the apparent weakness of the agency's reasons for

taking the personnel action at issue). Rather, the Board has held that if an appellant fails to satisfy the knowledge/timing test, other evidence should be considered, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15.

In *Dorney*, the Board considered evidence casting doubt on the agency's stated reason for taking the action at issue, and found that even though at least 4 years had passed between the appellant's alleged protected disclosures and her nonselection, she had raised a material issue about the strength or weakness of the agency's reasons for not selecting her, and remanded the appeal for a hearing on the merits. *Id.*, ¶ 16-17. However, there is no such evidence in the record by which the appellant might be able make such a connection between his alleged disclosures and the agency's actions. Other than his own conclusory assertions, the appellant identifies no specific evidence or argument that, if true, could show that the selecting officials for the positions at issue had any knowledge of his alleged protected disclosure. IAF, Tab 1 at 6-7, 16-17. For example, the appellant has not identified the individuals about whom he made disclosures in 2001, and whether they had any motivation to retaliate against him nearly two decades later. IAF, Tab 10 at 2. Thus, even if the appellant established that he made a protected disclosure back in 2001, he has failed to make a nonfrivolous allegation that it was a contributing factor in the nonselections he appealed.

Accordingly, because we agree with the administrative judge that the appellant failed to make nonfrivolous allegations sufficient to establish jurisdiction over his IRA appeal, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.